■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM RADALLS, Appellant.—Judgment, Supreme Court, New York County, rendered February 23, 1977, convicting the defendant upon his plea of guilty of manslaughter in the second degree and sentencing him to an indeterminate term of imprisonment of from 4 to 12 years, modified in the exercise of discretion, to remand for the purpose of permitting counsel for the defendant, if so advised, to make a motion to set aside the plea and for a trial. After a proper colloquy, the defendant pleaded guilty to manslaughter in the second degree and received a sentence promise, which sentence was later imposed. On the date set for sentencing, the defendant contended that his attorney had coerced him into pleading guilty. The attorney denied the allegation. The court postponed sentencing and assigned another attorney to represent the defendant. On the return date, the new attorney informed the court that the defendant wished to withdraw his guilty plea, and a motion to that effect was adjourned. The court directed the attorney to submit the defendant's affidavit of indigency, whereupon the court would sign an order confirming the assignment of counsel. On the new date, defendant's counsel requested a further adjournment claiming that there were "good grounds" for the motion and that he preferred not to place them on the record as they were potentially embarrassing to defendant's former counsel. Further, that he had not taken steps to prepare the motion because he assumed that, without having previously filed an affidavit of indigency, he had not been assigned. The court determined that without a more specific statement as to the grounds underlying the motion to withdraw the plea, no further adjournment would be granted, and further indicated skepticism as to the defendant's belated assertion that the loaded revolver was not his but taken from the victim. The court thereupon sentenced the defendant in accordance with the plea bargain. While the court's impatience with the situation of delay and avoidance is understandable, counsel should have the opportunity, upon proper papers, to move to set aside the judgment and the sentence and to move to withdraw the plea. Concur—Kupferman, J. P., Fein, Sandler, Sullivan and Lane, JJ.